UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HECTOR MENDEZ-LUGO, et al.
    Plaintiffs
      v.                                    Civil No. 04-1866(SEC)
MIGUEL MARTINEZ-VELEZ, et al.
    Defendants

**O R D E R**

| MOTION | RULING |
|---|---|
| **Docket # 30 Motion to Dismiss for Lack of Prosecution**<br><br>**Docket # 41 Second Motion to Dismiss for Failure to Prosecute** | **GRANTED.** On August 20, 2004 Plaintiffs filed the instant action under Section 1983 due to alleged violations by Defendants of Plaintiffs' Fourth, Sixth and Fourteenth Amendment rights. In short, Plaintiffs allege that their business was illegally searched, that they were maliciously prosecuted, falsely arrested, intimidated, etc. (Docket # 1). Thereafter, on February 4, 2005, Defendants filed a motion to dismiss Plaintiffs' complaint for failure to state a claim upon relief could be granted (Docket # 18). Plaintiffs failed to oppose said motion. Then, on May 17, 2005 Defendants filed a motion requesting that the Court adjudicate said motion as unopposed; the Court granted said request (Dockets ## 30 & 31). Defendants also simultaneously requested that the Court dismiss all of Plaintiffs' claims for lack of diligent prosecution (Docket # 30). Defendants argued that: (1) Plaintiffs failed to file their portion of the Joint Discovery Plan; (2) Plaintiffs failed to provide Defendants with their initial disclosures required under Rule 26(a)(1); (3) Plaintiffs failed to confer with Defendants' counsel and failed to file their portion of the Joint Case Management Memorandum; and (4) Plaintiffs failed to oppose Defendants' motion to dismiss which, if granted, would dispose of all their claims (Docket # 30). At that point, considering that Plaintiffs' counsel was seeking withdrawal from representation, the Court granted Plaintiffs thirty (30) days to announce new legal representation and ten (10) days thereafter to file an opposition to Defendants' motion to dismiss for lack of prosecution (Docket # 33). To date, Plaintiffs have announce new legal representation (Docket # 36), but have, once again, failed to comply with the Court's orders. Although Plaintiffs have informed the Court that they have served Defendants with a set of interrogatories (Docket # 37), the time allotted for filing an opposition to Defendants' motion to dismiss for lack of prosecution expired without any action from Plaintiffs.<br><br>    The Court cannot continue to sit idly waiting for Plaintiffs to litigate their case. Fed. R. Civ. P. 16(f) and Local Rule 16(g) provide for the imposition of any sanctions as are deemed just by the Court, when a party fails to comply with the Court's scheduling orders. Furthermore, as noted by the United States Supreme Court, "[c]ourts are vested with an inherent power to control and manage their own affairs so as to achieve early and expeditious disposition of cases." <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 630-31(1962). The First Circuit has noted that "in a period of overloaded dockets, prejudice to the court is inherent in needless delays and postponements." <u>Chuang Invs. v. Eagle Inns, Inc.</u>, 81 F.3d 13 (1st Cir. 1996). Accordingly, considering Plaintiffs' apparent lack of interest in the diligent litigation of their claims and their continued disregard for the Court's Case Management Order, Defendants' motion to dismiss for lack of prosecution is **GRANTED** and all of Plaintiffs' claims against Defendants will be **DISMISSED WITH PREJUDICE**. Judgment will be entered accordingly. |

DATE:   July 22, 2005

                                                              S/ *Salvador E. Casellas*
                                                              SALVADOR E. CASELLAS
                                                              U.S. Senior District Judge